**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Santiago Rivera, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 C 6368 |
| | ) | |
| MSW Capital, LLC, a Florida limited | ) | |
| liability company, Halsted Financial | ) | |
| Services, LLC, an Illinois limited liability | ) | |
| company, and Praxis Financial | ) | |
| Solutions, Inc., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Santiago Rivera, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Santiago Rivera ("Rivera"), is a citizen of the State of New York,

from whom Defendants attempted to collect a delinquent consumer debt that he

allegedly owed for a Credit One Bank account, despite the fact that he had exercised

his rights to refuse to pay the debt and to be represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, MSW Capital, LLC ("MSW"), is a Florida limited liability

company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or

indirectly, delinquent consumer debts.  MSW operates a nationwide delinquent debt

collection business, and attempts to collect debts from consumers in virtually every

state, including consumers in the State of Illinois.  In fact, Defendant MSW was acting

as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer

debt it attempted to collect from Plaintiff.

5.      Defendant MSW is a bad debt buyer that buys large portfolios of defaulted

consumer debts for pennies on the dollar, which it then collects upon through other

collection agencies.

6.      Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois

limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, directly or indirectly, delinquent consumer debts.  From its office in Skokie,

Illinois, Halsted operates a nationwide delinquent debt collection business, and attempts

to collect debts from consumers in virtually every state, including consumers in the

State of Illinois.  In fact, Defendant Halsted was acting as a debt collector, as that term

is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from

Plaintiff.

7.     Defendant, Praxis Financial Solutions, Inc. ("Praxis"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  From its offices in Lincolnwood, Illinois, Praxis operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Praxis was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8.     Defendants MSW, Halsted and Praxis are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants MSW, Halsted and Praxis each conduct business in Illinois.

9.     Moreover, Defendants MSW, Halsted and Praxis are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants MSW, Halsted and Praxis act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10.     Mr. Rivera is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Credit One Bank account.  At some point in time after that debt became delinquent, Defendant MSW bought Mr. Rivera's Credit One Bank debt, and when Defendants began trying to collect this debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal

Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

11.     Specifically, Defendant MSW had another debt collector, Defendant Halsted, demand payment of the Credit One Bank debt from Mr. Rivera, by sending him an initial form collection letter dated January 30, 2015.  Defendants', MSW's and Halsted's, letter stated "Original Lender: Credit One Bank (Credit Card)" and then further stated "Current Creditor: _____".  Moreover, nowhere else in the letter did Halsted name MSW as the current creditor.   Additionally, Defendants' letter also failed to provide the 30-day validation notice, i.e., that a consumer has 30 days to dispute the validity of the debt and that collection efforts will cease during the dispute.  A copy of this collection letter is attached as Exhibit <u>C</u>.

12.     Accordingly, on March 16, 2015, one of Mr. Rivera's attorneys at LASPD informed Defendants MSW and Halsted, that Mr. Rivera was represented by counsel, and directed Defendants MSW and Halsted to cease contacting him, and to cease all further collection activities because Mr. Rivera was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

13.     Undeterred, Defendant MSW then had Defendant Praxis send Mr. Rivera a collection letter, dated May 15, 2015, demanding payment of the Credit One Bank debt.  A copy of this collection letter is attached as Exhibit <u>E</u>.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

16.     Plaintiff adopts and realleges ¶¶ 1-15.  This Count is brought against Defendants MSW and Halsted.

17.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Rivera with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" <u>see</u>, 15 U.S.C. § 1692g(a)(2).

18.     Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify that MSW was the current creditor to whom the debt was owed.  <u>See</u>, <u>Braatz v. Leading Edge Recovery Solutions</u>, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); <u>Walls v. United Collection Bureau</u>, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and, <u>Deschaine v. National Enterprise Systems</u>, 2013 U.S. Dist. LEXIS 31349 (N.D.Ill.2013).

19.     Defendants', MSW's and Halsted's, violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692g –**
**No Effective 30-Day Validation Notice**

20.     Plaintiff adopts and realleges ¶¶ 1-15.  This Count is brought against Defendants MSW and Halsted.

21.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, the Defendants provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

22.     Defendants MSW and Halsted initial collection letter to Mr. Rivera (Exhibit C) failed to contain the 30-day validation notice.  Moreover, Defendants did not provide Mr. Rivera with a 30-day validation notice within 5 days, of his receipt of their initial collection letter.  Accordingly, Defendants MSW and Halsted have violated § 1692g of the FDCPA.

23.     Defendants', MSW's and Halsted's, violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

24.     Plaintiff adopts and realleges ¶¶ 1-15.  This Count is brought against Defendants MSW and Praxis.

25.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. <u>See</u>, 15 U.S.C. § 1692c(c).

26.     Here, the letter from Mr. Rivera's agent/attorney, LASPD, told Defendants MSW and Praxis to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants MSW and Praxis violated § 1692c(c) of the FDCPA.

27.     Defendants', MSW's and Praxis's, violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Santiago Rivera, prays that this Court:

1.     Find that Defendants MSW, Halsted and Praxis's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Rivera, and against Defendants MSW, Halsted and Praxis, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Santiago Rivera, demands trial by jury.

Santiago Rivera,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated: July 21, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com